PICKETT, Judge:
Plaintiffs-Appellants are plumbing contractors. In January of 1973, plaintiff, Harry A. Johnson, entered into a plumbing subcontract with defendant, Charles Hawkins, a general contractor, in connection with the construction of a self-service laundry facility for Richard Patterson (owner) in Iberville Parish.
Mr. Johnson performed most but not all of the work called for under the subcontract. Alleging substantial performance or, alternatively, that he was prevented by the defendant general contractor from completing the work, plaintiff filed this suit for the balance due under the subcontract, or for relief in the alternative on a quantum meruit or unjust enrichment basis, and for recognition of this lien against the owner’s property, under LSA-R.S. 9:4812.
The defendants filed a reconventional demand for damages, alleging that plaintiff simply would not return to the job site to finish his work, despite their attempts to contact him, so that they were required to engage another plumber and this caused delays in the completion of the job. After a trial on the merits, the lower court, without assigning reasons therefor, awarded judgment in favor of plaintiff in the principal sum of $365.00 but the judgment was *145 silent with respect to the lien against the owner’s property. The latter claim was specifically raised in plaintiff’s motion for a new trial but was rejected by the court.
The original plumbing subcontract was for the amount of $2,430.00. The parties contemplated at the time that the plaintiff would provide a hot water heater and that electric clothes dryers would be used. The payments were to be made in three installments of $810.00 each, following (1) the “roughing in”, (2) the “stubbing out,” and (3) the completion of all work under the subcontract. The parties thereafter learned that Mr. Patterson, the owner, would provide the hot water heater and that gas clothes dryers, requiring additional plumbing work, would be used. Plaintiff prepared an estimate for installation of such gas lines, and an additional lavatory, in the total amount of $205.00. Although the defendant contractor denied having seen or approved this addition, he admitted that this work was done by plaintiff and was not included in the original agreement.
The first payment of $810.00 was made as agreed. On March 20, 1973, after plaintiff had completed the second stage of the work, the defendant was able to pay only $400.00 of the $810.00 due under the original agreement. We note that plaintiff at this time had also installed the pipe required for the gas clothes dryers and the additional lavatory.
The testimony with respect to the events that followed is in conflict. The plaintiff claimed that he was unable to proceed because some flooring had to be installed first; he therefore attended to other jobs while waiting to hear from the defendants. The defendant claimed that there was no such obstacle and that he tried to telephone plaintiff to determine when the latter would return to finish the job.
The trial judge was apparently unable to resolve the conflict in favor of either party, and we cannot find that the evidence in the record preponderates in favor of either. In any event, the defendants did in fact engage another plumber for $300.00 to finish the job. It was discovered that some of the plaintiff’s installation had to be redone, at an extra cost to the contractor of $60.00. And, finally, the testimony of Mr. James D. Ziegler, a plumbing contractor recognized by the court as an expert, showed that the cost of a hot water heater, had plaintiff been required to provide one, would have been approximately $250.00.
As we noted above, the trial court did not indicate how he arrived at the $365.00 award. A plausible explanation would be that plaintiff was entitled to the $410.00 due on the second installment, plus $205.00 for the gas lines and lavatory, less the estimated $250.00 cost of a hot water heater, which the owner in fact supplied.
In our opinion, the deletion of the cost of the hot water heater would have been properly considered in determining the amount of the final payment at the completion of the subcontract. It was not a factor in the work required for the first two progress payments nor in the extra work on the gas lines and lavatory. We do find, however, that the additional $60.00 cost to the contractor for correcting some of plaintiff’s work should be considered. The judgment will therefore be amended to reflect plaintiff’s entitlement to $410.00 due on the second installment, plus $205.00 for the gas lines and lavatory, less $60.00 for the corrective work, or a total of $555.-00.
Finally, the evidence shows that plaintiff had performed work and supplied materials up until March 20, 1973, when the partial payment of $400.00 was made, and his lien affadavit was filed on May 4, 1973, or within the sixty day period provided by La.R.S. 9:4812. The other procedural requirements for preserving the lien were met and the lien should have been recognized.
Accordingly, for the above and foregoing reasons, the judgment appealed from is *146 amended to increase the award in favor of plaintiff to the principal sum of Five Hundred Fifty-five ($555.00) Dollars and to recognize plaintiff’s lien on the following described property:
A certain lot of land and house or cabin, lying and situated in the Parish of Iber-ville, on the left bank of the Mississippi River in the Fourth Ward in Jakeville; said lot is bounded as follows: in the back by Estate of Mrs. Armentine Miller, South or towards the river by Estate of Barta Johnson, North by lot of Jack Walker, Sr., and said lot contains half an acre.
In all other respects, the judgment of the trial court is affirmed, at defendants-appel-lees’ costs.
Amended and affirmed.